UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL RAY GARZA,

                Plaintiff,                Case No. 4:06-cv-115

v.                                                      Honorable Gordon J. Quist

J. REYNOLDS et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff is presently incarcerated at the Carson City Correctional Facility. In his *pro se* complaint, he sues the following personnel at the Carson City facility: School Principal J. Reynolds; Assistant Deputy Warden T. Faqua; and Culinary Arts Instructor S. Wilcox.

Plaintiff alleges that Defendants violated his constitutional rights when they terminated him from the Carson City Culinary Arts Class/Food Tec Program in August 2005, despite the fact that Plaintiff had been enrolled in the class for nine months and had completed all tests and exams required for completion. In correspondence appended to the complaint, it appears that Defendants terminated Plaintiff from the class because he had already completed the Business Education Technology vocational course at Lakeland Correctional Facility in 2001. Compl. Attach., pp. 1, 3 (docket #1). Michigan Department of Corrections policy precludes prisoners from completing more than one career or technical education program at state expense unless: (1) a prison job requires the class, or (2) there is a vacancy in a particular class and there is no waiting list. Compl. Attach., p. 3, citing MICH. DEP'T CORR. Policy Directive 05-02-112 (eff. 4/7/03) (Education Programs for Prisoners). Plaintiff was not on a work detail that required his completion of the culinary arts class, and there was a long waiting list for the class. Compl. Attach., p. 3.

For relief, Plaintiff seeks culinary arts class certificates of completion; back pay of $2000; costs and fees of suit; and attorney fees.

II.  Failure to State a Claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Although Plaintiff does not explicitly cite a particular constitutional provision he claims Defendants violated, his allegations implicate the Fifth and Fourteenth Amendment Due Process Clause. To state a procedural due process claim under § 1983, a plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). In *Sandin v. Conner*, 515 U.S. 472, 486 (1995), the Supreme Court held that the only liberty interest a prisoner may protect through § 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *But cf. Wilkinson v.*

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. Plaintiff apparently has exhausted his administrative remedies for his claims through a series of grievances he pursued at the correctional facility. Even if he had not shown exhaustion, however, the Court need not first require exhaustion of available administrative remedies when claims may be dismissed because they "fail to state a claim upon which relief can be granted" 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

*Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process).

Contrary to his assertions, Plaintiff does not have a federally cognizable liberty interest in participating in prison education programs. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and/or educational programs based on the Fourteenth Amendment. *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). Under these authorities, Plaintiff has no due process claim arising from Defendants' decision to terminate him from the culinary arts/food tech education program at Carson City Correctional Facility.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I respectfully recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  November 17, 2006              /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).