UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL RAY GARZA,

        Plaintiff,                Case No. 4:06-CV-115

v.                                  HON. GORDON J. QUIST

J. REYNOLDS, et al.,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on November 17, 2006, in which the magistrate judge recommended that the Court dismiss Plaintiff's complaint for failure to state a claim. In particular, the magistrate judge determined that Plaintiff's complaint did not state a due process claim under 42 U.S.C. § 1983 because Plaintiff does not have a federally cognizable liberty interest in participating in prison education programs.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Objections to a magistrate judge's report and recommendation regarding a case-dispositive motion and prisoner litigation are governed by W.D. Mich. LCivR 72.3(b). In submitting objections, a "party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). An objection which is not "clear enough to enable the

district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the magistrate's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Id*.

Plaintiff's objections fail to specify the portions of the magistrate judge's findings and recommendation that Plaintiff contends are erroneous and should not be adopted. Rather, Plaintiff concedes that he "understands why this Honorable Curt finds there is no claim to file on behalf of what petitioner alleges." (Obj. at 1.) In his objections, Plaintiff attempts to raise an equal protection argument under the Fourteenth Amendment. However, as noted by the magistrate judge, Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and/or educational programs based on the Fourteenth Amendment. *See, e.g., Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994). Because Plaintiff does not have a federally cognizable liberty interest in participating in prison education programs, he is unable to state a claim for relief under 42 U.S.C. § 1983. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on November 17, 2006 (docket no. 6), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

The case is **concluded**.

Dated:  August 16, 2007                                                        /s/ Gordon J. Quist
                                                                               GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE